NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MCOM IP, LLC,**
*Plaintiff-Appellant*

**v.**

**HSBC BANK USA, N.A.,**
*Defendant-Appellee*

---

2024-1828

---

Appeal from the United States District Court for the Southern District of New York in No. 1:23-cv-08801-DLC, Senior Judge Denise Cote.

---

Decided:  May 15, 2026

---

WILLIAM PETERSON RAMEY, III, Ramey LLP, Houston, TX, argued for plaintiff-appellant.

RESHMA C. GOGINENI, Wilmer Cutler Pickering Hale and Dorr LLP, Palo Alto, CA, argued for defendant-appellee.  Also represented by THOMAS SAUNDERS, Washington, DC.

---

Before DYK, MAYER, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

In 2023, mCom IP, LLC, which owns U.S. Patent No. 8,862,508, brought the present action against HSBC Bank USA, N.A., in the U.S. District Court for the Southern District of New York, alleging HSBC's infringement of the '508 patent—as now relevant, claim 17 of that patent. Around the same time, mCom asserted claim 17 and other claims of the same patent against another financial institution in the U.S. District Court for the Southern District of Florida. Both complaints were dismissed with prejudice for failure to state a claim—in the present case because there was no plausible allegation of infringement, and in the Florida case for noninfringement and for invalidity (including of claim 17). *See mCom IP, LLC v. HSBC Bank USA, N.A.*, No. 1:23-cv-8801, 2024 WL 1704506, at *2–5 (*Dismissal*). mCom appealed each dismissal as to a single common asserted claim, claim 17. We treated the appeals as companions. Today, in the companion appeal, we affirm the holding that claim 17 is invalid. That invalidity ruling has preclusive effect here, preventing mCom from asserting claim 17 in this appeal. For that reason, and because mCom has not shown that the district court erred in dismissing its complaint with prejudice, we affirm.

I

The pertinent facts in this appeal—including the relevant claim language, the allegations in the complaint, the activity accused of infringement, and some of the reasons for dismissal—are substantially similar to those in the companion case, *mCom IP, LLC v. City National Bank of Florida*, No. 24-2089, slip op. at 2–8, ___ F.4th ___, ___ (Fed. Cir. 2026), argued to our panel and decided today. We set them forth in brief.

mCom owns the '508 patent, which describes and claims a "unified electronic banking system," as relevant here. *See, e.g.*, '508 patent, Abstract; *id.*, col. 8, line 44, through col. 9, line 24. Claim 17, which is the only claim

at issue on appeal, depends on claim 13. The two claims read as follows:

13. A unified electronic banking system, said system comprising:

a common multi-channel server, wherein said multi-channel server is communicatively coupled to one or more independent computer systems;

wherein each of one or more independent computer systems is associated with an independent financial institution, and each of said computer systems is communicatively coupled to said multi-channel server;

one or more e-banking touch points, each of which comprise one or more of an automatic teller/transaction machine (ATM), a self-service coin counter (SSCC), a kiosk, a digital signage display, an online accessible banking website, a personal digital assistant (PDA), a personal computer (PC), a laptop, a wireless device, or a combination of two or more thereof, wherein one or more of said e-banking touch points are communicatively coupled to said multi-channel server, and wherein at least one of said e-banking touch points is in communication with one or more financial institutions through said multi-channel server; and

a data storage device, wherein transactional usage data associated with a transaction initiated by a user through one of said e-banking touch points is stored in said data storage device and accessed by one or more of said other e-banking touch points;

**wherein said active session is monitored via said server in real-time for selection of targeted marketing content correlated to said user-defined preferences, said targeted marketing content correlated to said user-**

> **defined preferences is selected subsequent to said monitoring and transmitted in real-time to at least one of said e-banking touch points for acceptance, rejection, or no response by a user, and wherein said response by said user is used during said active session to determine whether transmission of additional information related to said marketing content occurs during said active session.**
>
> 17. The system of claim 13, wherein said system **provides said one or more financial institutions with a common point of control** of functionality provided by said system.

*Id.*, col. 10, line 35, through col. 11, line 4; col. 11, lines 15–17 (emphases added).

In February 2023, the Patent and Trademark Office (PTO), in an inter partes review under 35 U.S.C. §§ 311–19, ruled that claims 1, 3–7, 9–13, 15–16, and 18–20 of the '508 patent are unpatentable, slating them for cancellation. *Unified Patents, LLC v. mCom IP, LLC*, No. IPR2022-00055, 2023 WL 1824005, at *1 (P.T.A.B. Feb. 8, 2023). Afterward, in October 2023, mCom brought the present action against HSBC, alleging infringement of claim 17. *Dismissal*, at *1.[1]  mCom's complaint included a claim chart for claim 17 and its independent claim (claim 13) with screenshots of HSBC webpages called "Ways to Bank," "Mobile Banking," and "Online Privacy Statement."

---

[1]    mCom asserted claims 2, 7, 14, and 17. The PTO had already held claim 7 unpatentable, and mCom states that including claim 7 in this action was accidental. mCom Opening Br. at 4 n.7, 21. The district court ruled against mCom on all four asserted claims, *Dismissal*, at *3–5, but mCom appeals only as to claim 17, mCom Opening Br. at 21. Thus, we discuss only claim 17.

J.A. 42–52.  mCom based its charge of HSBC's infringement of claim 17 on the screenshots.  J.A. 36.

That December, HSBC moved to dismiss for failure to state a claim because the complaint did not allege facts sufficient to support the claim of infringement, detailing the deficiencies on which HSBC was relying, and mCom opposed.  J.A. 53–78, 125–42.  The district court allowed mCom leave to amend pursuant to Federal Rule of Civil Procedure (Rule) 15, specifically warning mCom that further leave to amend was unlikely to be granted.  J.A. 123–24.  mCom then timely filed an amended complaint (the operative complaint here), mooting the already-filed motion to dismiss.  J.A. 143–99, 200–01.  In the amended complaint, mCom included new allegations that the asserted claims were valid, but the amended complaint is otherwise substantially unchanged from the original complaint, including with respect to its infringement allegations.  *Compare* J.A. 143–99 *with* J.A. 34–52.

HSBC again moved to dismiss under Rule 12(b)(6), with prejudice, for essentially the same reasons it had previously identified.  It contended, as now relevant, that the complaint does not adequately plead infringement of claim 17 because it does not allege facts needed to make it plausible that HSBC was practicing the "real-time" elements or the "common point of control" element of that claim.  J.A. 204–28.  mCom opposed and, in the alternative, requested leave to amend, though it did not specify what amendments it sought to make.  J.A. 287–304.

The district court dismissed the complaint with prejudice in April 2024.  The district court specifically held that the complaint lacks allegations that give rise to a plausible inference that HSBC was practicing the "real-time" claim elements or the "common point of control" element.  *Dismissal*, at *2–5.  The court denied leave to amend because mCom had not explained or justified any proposed amendment.  *Id.* at *5.

This timely appeal followed.  We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

mCom challenges, only as to claim 17, both the district court's Rule 12(b)(6) dismissal and the district court's refusal to grant leave to amend.  Under the applicable standards of review of the regional circuit, here the Second Circuit, we review the Rule 12(b)(6) dismissal without deference, accepting the well-pleaded allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff.  *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298–99 (2d Cir. 2022).  We review the denial of leave to amend in this case for abuse of discretion.  *Id.* at 309.  We apply our own law to patent-law issues even when presented as part of other issues.  *See, e.g.*, *ParkerVision, Inc. v. Qualcomm Inc.*, 116 F.4th 1345, 1355–56 (Fed. Cir. 2024); *In re Queen's University at Kingston*, 820 F.3d 1287, 1290–91 (Fed. Cir. 2016).  We reject mCom's challenges and affirm.

## A

In the companion Florida case, we today affirm a determination that claim 17 is invalid.  *mCom v. City National*, slip op. at 11–12.  Under well-established general principles of issue preclusion (collateral estoppel), our judgment affirming the invalidity ruling in *mCom v. City National*—a matter of patent law—"collaterally estops [mCom] from asserting [claim 17] in any further proceedings."  *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018) (collecting cases); *see Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1580–84 (Fed. Cir. 1994) (enforcing estoppel created by intervening appellate invalidity judgment against patentee in appeal from district court infringement verdict); *Masco Corp. v. United States*, 303 F.3d 1316, 1329–32 (Fed. Cir. 2002) (explaining that appellate court's affirmance on a ground creates estoppel even if district court relied as well on an alternative ground); *SFM Holdings,*

*Ltd. v. Banc of America Securities, LLC*, 764 F.3d 1327, 1338 (11th Cir. 2014) (same); *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011); Restatement (Second) of Judgments § 27 comment *o*.[2]  None of the circumstances that sometimes prevent the application of issue preclusion is present here.  *See Papst Licensing GmbH v. Samsung Electronics America, Inc.*, 924 F.3d 1243, 1250–51 (Fed. Cir. 2019).  It is appropriate to invoke this clear barrier to mCom's assertion of claim 17 based on our ruling in the companion case today.  *See XY*, 890 F.3d at 1294–95.  Accordingly, we affirm the district court's judgment because issue preclusion based on our ruling today in the Florida case bars mCom from recovering on invalidated claim 17.

In the alternative, and independently, we affirm the Rule 12(b)(6) dismissal on the district court's rationale.  Specifically, we hold that mCom did not plausibly allege that HSBC practices the "real-time" or "common point of control" elements of claim 17 and therefore fails to state a claim of infringement.  To state a claim for patent infringement, a complaint must contain "some factual allegations that, when taken as true, articulate why it is plausible that the accused [activity] infringes."  *Bot M8 LLC v. Sony Corp.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (facts must "nudge[ ]" claim "across the line from conceivable to plausible"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).  We agree with the district court that mCom's complaint does not do so, given what claim 17 requires.

As to the "real-time" elements, claim 17 has several related requirements: monitoring, content selection, content

---

[2]    We see no material difference among the applicable preclusion principles stated in our circuit's precedents, those of the Eleventh Circuit (where the Florida case was litigated), or those of the Second Circuit (where the present case was litigated).

transmission, user action, and financial institution reaction, all in real time in a single active session. '508 patent, col. 10, line 61, through col. 11, line 4. The crux of the complaint's infringement theory is that HSBC "monitors customers activity in real time using Cookies . . .place[d] [ ] on customers devices," and HSBC "*then* send[s] targeted marketing ads based on this information . . . *when* [customers] log in to their bank accounts." J.A. 183–86 (emphases added). For support, the complaint cites HSBC's Online Privacy Statement, highlighting a portion of that webpage that states, "[C]ookies [ ] are retained on your computer *after your visit ends* so we can identify your preferences and *enhance your future visits*." J.A. 183 (some emphases removed). Those allegations plainly state that HSBC uses cookies across *two* customer visits—a first visit, during which a cookie is placed on a customer's device, and a second visit, after that same customer has later logged back in. The facts set forth in the complaint do not state anything that makes it plausible that HSBC practices the "real-time" elements in a single active session.

The complaint similarly fails to plead facts that give rise to a plausible inference that HSBC satisfies claim 17's "common point of control" element. The claimed system must "provide[ ] . . . [a] financial institution[ ] with a common point of control," '508 patent, col. 11, lines 15–17, but mCom's complaint alleges simply that HSBC allows customers "to access the same banking information with a single log-in menu as well as a single menu for navigation from all their digital banking touch points," J.A. 187. The bare fact that HSBC provides customers with consistent menus across different platforms does not, taken as true, give rise to a plausible inference that HSBC itself has the claimed common point of control over its e-banking offerings on the back end. What is more, mCom never explained to the district court why it should, or even *that* it should, make such an inference based on mCom's pleaded facts. *See* J.A. 187, 299–300. It was not incumbent on the district

court to "invent factual allegations that [mCom had] not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). We thus affirm the district court's judgment on the independent ground that mCom failed to plausibly allege infringement.

## B

We discern no abuse of discretion in the district court's denying leave to amend. "[F]ailure to cure deficiencies by amendments previously allowed" can justify denying leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, mCom had an opportunity to amend and was warned that another would not be forthcoming. J.A. 123–24. Leave to amend may also be denied if the requester "fails to specify . . . how amendment would cure the pleading deficiencies in [its] complaint." *Melendez*, 50 F.4th at 309 (quoting *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014)). In this case, despite an earlier opportunity and warning, mCom failed to cure the deficiencies in its complaint or to specify what it would change by amendment. *See Dismissal*, at \*5; J.A. 302–03. mCom points to no authority that makes dismissal with prejudice an abuse of discretion in these circumstances.

## III

We have considered mCom's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED**